**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

BARBARA SCAYLES, AS
PERSONAL REPRESENTATIVE
OF THE ESTATE OF ULYSSES G.
WILLIAMS, ET AL.,

    Plaintiffs,

v.                                          Case No. 3:19-cv-1311-MMH-PDB

MARK S. INCH, SECRETARY OF
THE FLORIDA DEPARTMENT OF
CORRECTIONS, ET AL.,

    Defendants.

## O R D E R

**THIS CAUSE** is before the Court on the Report and Recommendation (Dkt. No. 80; Report) entered on April 22, 2021, by the Honorable Patricia D. Barksdale, United States Magistrate Judge. In the Report, Judge Barksdale recommends that Defendants' Motion to Enforce Settlement Agreement (Dkt. No. 49) and Defendants' Corrected Motion to Enforce Settlement Agreement (Dkt. No. 65) both filed by Waddah Salman, M.D., and Jacksonville Cardiovascular Center, P.L. ("JCC") be denied; Plaintiffs be permitted to re-file the amended complaint (Dkt. No. 7) as the third amended complaint; the pending Motions to Dismiss the second amended complaint (Dkt. Nos. 45-48) be denied without prejudice; all Defendants be directed to respond to the third

amended complaint by a date certain; all parties be required to submit a case management report using the Court's new form by a date certain; and a case management and scheduling order be entered. See Report at 26-27.

Pursuant to Rule 72(b)(2), Federal Rules of Civil Procedure "[w]ithin 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." On May 6, 2021, Defendants Salman and JCC filed their objection to the Report. See Defendants' Objection to Magistrate [Judge's][1] Report and Recommendation (Dkt. No. 82; Objection). Plaintiffs did not file any objection to the Report, nor did they respond to Defendants' Objection. Accordingly, the Report is ripe for the Court's consideration.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of facts are filed, the district court is not required

---

[1] In 1990, the United States Congress intentionally, and after much consideration, changed the title of each United States magistrate to "United States magistrate judge." See Judicial Improvements Act of 1990, Pub. L. No. 101-650 § 321 (1990) ("After the enactment of this Act, each United States magistrate appointed under § 636 of Title 28 United States Code, shall be known as a United States magistrate judge . . . ."); see also Ruth Dapper, A Judge by any Other Name? Mistitling of United States Magistrate Judges, 9 Fed. Cts. L. Rev. 1, 5 (Fall 2015).  As such, counsel should refer to a magistrate judge as "Judge _____" or the "Magistrate Judge." See Koutrakos v. Astrue, 906 F. Supp. 2d 30, 31 n.1 (D. Conn. 2012) (pointing out the proper way to refer to a United States magistrate judge).

2

to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007).

Upon review of the Objection, it is apparent that Defendants disagree with the Magistrate Judge's analysis and recommended conclusion. However, Defendants fail to identify any factual or legal error presented in the Report. Having independently reviewed the file, the Court will overrule the Objection.

While the Court is prepared to accept the Magistrate Judge's Report as the Court's opinion and order the parties to proceed in the manner recommended there, the Court must address certain subsequent filings by the parties. On May 6, 2021, before the Court addressed the Objection, Plaintiff Barbara Scayles, as personal representative of the Estate of Ulysses G. Williams, filed a third amended complaint. (Dkt. No. 83; Third Amended Complaint). Notably, because the Court had not yet determined whether it would adopt the recommendations in the Report, the filing of this Third Amended Complaint was premature. Also, instead of filing the amended complaint that previously had been filed on the Court's docket as entry number 7, as recommended in the Report, Plaintiff filed a new document as its Third

3

Amended Complaint. While proceeding in this manner was not consistent with Judge Barksdale's recommendation, no Defendant has objected to the filing of the Third Amended Complaint. Indeed, one defendant has already responded to it. <u>See</u> Defendant Mark S. Inch's Motion to Dismiss Count IV of Plaintiffs' Third Amended Complaint and Incorporated Memorandum of Law (Dkt. No. 84). More importantly, upon review of the Third Amended Complaint it appears that Plaintiff streamlined the parties and did not add any new substantive claims. Therefore, the Court will accept the Report and deem the Third Amended Complaint as properly filed. The Third Amended Complaint is now the operative complaint in this action. Defendants shall respond to the Third Amended Complaint on or before July 23, 2021.

Accordingly, it is hereby

**ORDERED**:

1. Defendants' Objection to Magistrate [Judge's] Report and Recommendation (Dkt. No. 82) is **OVERRULED**.

2. The Report and Recommendation (Dkt. No. 80) is **ADOPTED** as the opinion of the Court.

3. Defendants' Motion to Enforce Settlement Agreement (Dkt. No. 49) and Defendants' Corrected Motion to Enforce Settlement Agreement (Dkt. No. 65) are **DENIED**.

4. The Third Amended Complaint (Dkt. No. 83) is accepted and deemed to be the operative complaint.

5. Defendants Centurion of Florida, LLC; MHM Health Professionals, LLC; Gerardo Pedroza-Sierra, M.D.; and Mark S. Inch's motions to dismiss the second amended complaint (Dkt. Nos. 45-48) are **DENIED without prejudice, as moot**.

6. Defendants Centurion of Florida, LLC; Jacksonville Cardiovascular Center, P.L.; MHM Health Professionals, LLC; Gerardo Pedroza-Sierra, M.D.; and Waddah Salman, M.D shall respond to the Third Amended Complaint on or before **July 23, 2021**.

7. All parties are **REQUIRED** to submit a case management report using the Court's new form on or before **August 2, 2021**.

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of July, 2021.

*[Signature]*

MARCIA MORALES HOWARD
United States District Judge

i50

Copies to:

Counsel of Record